**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOT OPERATING AUTHORITY INC.<br><br>Plaintiff(s),<br><br>v.<br><br>LAV PERMIT INC., et al.<br><br>Defendant(s). | Case No. 2:24−cv−03183−FMO−PD<br><br>**ORDER Re: SUMMARY JUDGMENT MOTIONS** |

A deadline for dispositive motions has been set in the above-captioned case. Any motion(s) for summary judgment **shall** comply with the requirements in this Order, which differ in some respects from the Local Rules and the Federal Rules of Civil Procedure.

1. Joint Brief:  The parties shall work cooperatively to create a single, fully integrated joint brief covering all parties' summary judgment motions, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response. The joint brief shall set out each issue (or sub-issue), including legal argument and citation to evidence and the joint appendix of undisputed and disputed facts (i.e., not simply to the joint appendix of undisputed and disputed facts), followed seriatim by the response with respect to that issue (or sub−issue), including legal argument and citation to evidence.

2. Citation to Evidence:  The parties shall cite to relevant evidence to support factual assertions throughout the joint brief. All citations to evidence shall be

directly to the exhibit and page number(s) of the evidentiary appendix, (see infra at ¶ 5), or page and line number(s) of a deposition, as well as the joint appendix of undisputed and disputed facts. Parenthetical explanations are encouraged. Failure to cite to evidence in support of a factual assertion may be deemed a party's admission that it lacks evidence of that fact. Evidence not cited by a party in the joint brief may not be considered.

3. <u>Unnecessary Sections</u>: The parties need not include a "procedural history" section, since the court will be familiar with the procedural history. The court is also familiar with the general standard for summary judgment, so that need not be argued. However, if a party believes a specialized standard is applicable, the party may brief such a standard. If preliminary issues - such as burden of proof, standard of review, or choice of law - are in dispute, the parties shall brief such issues in accordance with ¶ 1, <u>supra</u>.

4. <u>Page Limitation</u>:  Each separately-represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities. Repetition shall be avoided and, as always, brevity is preferred. Leave for additional pages will be given only in extraordinary cases. The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated.[1]

other than brief argument on tangential issues, shall be in the body of the brief.

5. <u>Evidentiary Appendix</u>:  The joint brief shall be accompanied by one separate, tabbed appendix[1] of declarations and written evidence (including documents, photographs, deposition excerpts, etc.). <u>See</u> Local Rule 7-6. A large appendix should be divided into multiple volumes. Declarations shall

_____

[1] For purposes of this Order, the court will not require compliance with Local Rule 11-6 relating to the total number of words (7,000) that a memorandum of points and authorities may contain. However, in assessing whether a party has attempted to avoid the page limitation through, for example, the excessive use of footnotes or font size, the court will require the parties to certify the number of words in each party's portion of the joint brief.

set out facts that would be admissible in evidence, and shall <u>not</u> contain argument, <u>see</u> Local Rule 7-7, and physical exhibits shall be lodged separately. The evidentiary appendix shall include a table of contents.

If the evidentiary appendix in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds **300 pages**, the documents shall be placed in **three-ring binders**, with an index and with each item of evidence separated by a divider with a tab on the right side. In addition, counsel shall provide an electronic copy (<u>i.e.</u>, cd, dvd, or flash drive) of the documents in a single, OCR-scanned, .pdf file with each item of evidence separated by labeled bookmarks. Counsel shall ensure that all documents are legible.

6. <u>Evidentiary Objections</u>: All necessary evidentiary objections shall be made in the relevant section(s) of the joint brief.

7. <u>Joint Appendix of Undisputed and Disputed Facts</u>: The joint brief shall also be accompanied by a separate joint appendix of undisputed and disputed facts. The 14-point font requirement of Local Rule 11-3.1.1 is waived for the purposes of this factual appendix only. To avoid a Notice of Document Discrepancy, the appendix must be entitled "Statement of Genuine Disputes of Material Fact" ("Statement of Genuine Disputes").[2] <u>See</u> Local Rule 56-1. This appendix shall follow the format set forth in Local Rule 56-3, effective June 1, 2023. In preparing the Statement of Genuine Disputes, the parties shall comply with the requirements set forth below:

   a. The moving party's column shall contain the number of the fact alleged by a party to be undisputed, and a plain statement of the fact. <u>The</u>

---

[2] If the parties file cross-motions for summary judgment, then all asserted undisputed facts shall be sequentially numbered, but shall be divided into sections clearly denoting which party is asserting the undisputed fact (e.g., D1, D2, . . . , P51, P52, . . .). Facts agreed to be undisputed need not be reasserted in later sections.

fact shall not be compound. If, for instance, the required response is that the fact is disputed in part, the fact is compound. Further, neither legal arguments nor conclusions constitute facts. Only facts that are relevant to the elements of the cause of action should be set forth in the Statement of Genuine Disputes. Any facts that relate to the background of the dispute or that the party believes give context to the dispute should be set forth in the briefing.

  b. Each material fact must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record. If multiple pieces of evidence are cited, parenthetical explanations of the nature and relevance of each piece of evidence shall be included.

  c. An opposing party's response to the moving party's asserted undisputed fact may consist of only the following responses: (1) "Undisputed"; (2) "Disputed," along with pinpoint citations (including page and line numbers, if available) to evidence in the record that supports the claim that the fact is disputed. If the party does not dispute the fact, or simply disputes the sufficiency of the asserting party's evidence, no citation is necessary. Legal argument is not an appropriate response. See Local Rule 11-7.

 8. <u>Failure to Properly Dispute a Fact</u>:  A party's failure to properly dispute any fact asserted to be undisputed by the opposing side shall be deemed established for the purposes of resolving the motion(s).

 9. <u>Schedule for Preparation and Filing of Joint Brief</u>:  The briefing schedule for the joint brief shall be as follows:

  A. **Meet and Confer**:  In order for a motion for summary judgment to be filed by the deadline for dispositive motions, the meet and confer must take place no later than forty-two (42) days before the deadline for dispositive motions set forth in the Court's Case Management and Scheduling Order. It shall be the responsibility of counsel for the moving party to arrange for this conference. Counsel for the parties shall meet and confer in person at an

agreed-upon location within the Central District of California to narrow and crystallize the issues to be argued in the summary judgment motion. The parties shall discuss <u>each issue</u> to be raised in the motion, as well as the law and evidence relevant to that issue, so that the parties' briefing reflects that they are fully cognizant of the other side's position(s). If the briefing reveals that the parties are not on the same page with respect to the issues and position(s) presented, the motion shall be stricken.

B. No later than seven (7) days after the meet and confer, the moving party shall personally deliver or e-mail to the opposing party an electronic copy of the moving party's portion of the joint brief, together with the moving party's portion of the evidentiary appendix and joint appendix of undisputed and disputed facts.

C. No later than fourteen (14) days after receiving the moving party's papers, the opposing party shall personally deliver or e-mail to the moving party an electronic copy of the integrated motion, which shall include the opposing party's portion of the opposing party's portion of the joint brief, together with the opposing party's portion of the evidentiary appendix and joint appendix of undisputed and disputed facts.

D. No later than seven (7) days after receiving the the opposing party's portion of the joint brief and related papers, the moving party shall finalize it for filing.[3] The moving party may not make any further revisions to the joint brief other than inserting the moving party's evidentiary objections, and providing, if necessary, responses to the Statement of Genuine Disputes. Once finalized, the joint brief shall be provided to the opposing party's

---

[3] The moving party shall respond by indicating whether each fact is disputed and, if disputed, provide the evidentiary basis for its position. However, the non-moving party shall not include a sur-response to the moving party's response and evidence.

counsel who shall sign it and return it to the moving party's counsel no later than the end of the next business day. The moving party's counsel shall sign and electronically file the joint brief, the evidentiary appendix, and joint appendix of undisputed and disputed facts no later than one business day after receiving the opposing party's signed copy. The joint brief shall be accompanied by a Notice of Motion and Motion for Summary Judgment, and shall be calendared pursuant to the Local Rules.

E. **Supplemental Memorandum**: After the joint brief is filed, each party may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date. The supplemental memorandum shall not exceed ten (10) pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the summary judgment motion.

10. <u>Failure to Comply with this Order</u>: If it appears from the joint brief that the parties have not discharged their meet and confer obligations in good faith, that the parties have not worked to fully integrate the document, or that the parties have otherwise failed to fully comply with this Order, the motion shall be stricken, and the parties shall be required to repeat the process. If it appears that one (or more) of the parties is primarily responsible for the failure to properly file an adequate joint brief, the primarily responsible party or parties shall be subject to appropriate sanctions.

**IT IS SO ORDERED.**

DATED: June 28, 2024                   _____/s/_____
                                        Fernando M. Olguin
                                        United States District Judge

6